(No. 820— ▉▉▉▉.

JAMES GARNS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1926.*

*Rehearing denied September 13, 1927.*

JAMES P. ST. CERNEY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLE-TON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

The declaration in this case was filed June 30th, 1924. It alleges that the claimant, while engaged as a laborer in the employment of the State on the hard road between Pekin and Orchard Mines in Peoria County, on the 2nd day of July, 1923, in elevating a concrete post, slipped and fell heavily to the ground and dislocated his hip, causing a permanent injury and rendering him unable to do any work. To this declaration the State has filed a general and special demurrer. Evidence was taken for both the claimant and the State.

There is no evidence in this record that in any way tends to prove claimant suffered a dislocated hip as charged in the declaration. The only evidence that claimant received an injury is his own statement. He testified that about 11 or 12 o'clock on the 2nd day of July, 1923, he, with others, was engaged in setting concrete posts along the hard road, and that while he and one MacMahon were elevating a post to put it in the ground MacMahon gave it a little push, throwing the weight on him, and one of his feet slipped and the weight of the post just spread him apart and hurt his hip; that at the lunch hour he could not sit down to eat because of the pain,

and the foreman, Mr. Buck, asked why he did not sit down and he told him he had hurt his hip putting in a post; that he was given lighter work during the afternoon, and when he got home sent for a physician; that his physician, Dr. Balcke, came the next morning and treated him, and has been treating him ever since for sciatic rheumatism.

Claimant is not corroborated in his statement about the injury by any of the others who were present. A. A. Mac-Mahon, Martin Horton and Louis A. Buck were all present working with claimant at the time he says he received the injury, Buck being the foreman. MacMahon testified that if claimant received any injury, he did not know it, that he made no statement to him about it and continued to work with him at the same character of work the remainder of the day. Mr. Buck testified that he did not learn claimant had received an injury, that claimant did not tell him he had been hurt and that he continued to do the same character of work the remainder of the day, there being no lighter work to be done. Mr. Horton, who was working with them, also testified that claimant received no injury that day and that he continued to do the same kind of work during the afternoon as he had in the forenoon. Claimant never returned to work after the 2nd day of July, and testified that he has been unable to work since that time and under the care of a physician. Buck testified that three or four weeks before the day claimant alleges he received his injury, while the men were at lunch, claimant was walking around eating, and he said to him ''Why don't you sit down and eat your dinner''?, and claimant replied ''My hip hurts''. Andrew Franklin also testified that he heard this conversation and that it occurred about a month before claimant quit work. Claimant admitted in his examination that some two or three weeks before he was injured he stated he had lumbago. Dr. Balcke testified that when he called to see claimant on the 3rd of July he was complaining of pains in the small of his back and that he treated him for lumbago, but that when he called the next time claimant said the pain had gone down his leg and he diagnosed the case as sciatic rheumatism and had been treating him for that ever since. He also said there was no swelling or other evidence of injury that could be seen, and that his hip was not dislocated.

It is a fundamental principle that a party cannot make out one case by his pleadings and another by his evidence. Claimant's declaration alleges he received a dislocated hip, which declaration was sworn to by claimant on the 27th day of June, 1924. Claimant's evidence does not sustain this claim. In fact, there is no evidence that his hip was dislocated or injured in any way. We have carefully read the evidence in this case and do not believe claimant is entitled to recover for any injury. Before he is entitled to recover he must show by a preponderance of the evidence that he received an injury arising out of and in the course of his employment. The preponderance of the evidence shows that he was not injured in the manner and at the time he claims. (It does not seem reasonable that claimant could have received as serious an injury as he says he did and that the men working with him not have known it. He was 58 years old, and admits that he previously suffered from lumbago.) ''The evidence tends to show that he may have had an attack of lumbago which was followed by sciatic rheumatism, but it does not show that it was caused by any injury received by him arising out of and in the course of his employment by the State. Claimant having failed to make the proof required by law, his claim is disallowed.''

On September 13, 1927, upon petition for rehearing the following additional opinion was filed:

The original opinion in this case was filed on September 14th, 1926, and a petition for rehearing was filed on September 6, 1927.

Under rule 30, a party desiring a rehearing in any cause shall within fifteen days after filing opinion, shall file with the clerk, a notice in writing of his intention to ask for a rehearing, and after twenty-five days after filing the opinion, he shall file with the clerk, five copies of the petition with proof of service on opposite party.

This petition for rehearing was not filed within that rule.

The petition for rehearing does not set up any new matter, or anything that was not passed upon in the original opinion. Therefore, the petition for rehearing is denied.